UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHAD KISTER,
      Plaintiff,

v.

APPALACHIAN BEHAVIORAL
HEALTH CARE, et al.,
      Defendants.

Civil Action 2:13-cv-00071
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Chad Kister's motion for reconsideration. Doc. 18. For the reasons below, Mr. Kister's motion is **DENIED**.

I.

Mr. Kister brought this action against the Appalachian Behavioral Healthcare Center (ABHC) and a number of its employees in January of 2013. He based his suit on his time in commitment at the ABHC, specifically bringing claims under 42 U.S.C. § 1983 for the violation of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. On January 23, 2014, the Court granted Defendants' motion to dismiss and dismissed Mr. Kister's case without prejudice. *Kister v. Appalachian Behavioral Health Care*, No. 2:13-CV-00071, 2014 WL 272467, at *5 (S.D. Ohio Jan. 23, 2014). On April 9, 2014, Mr. Kister submitted a letter to the Court. It reads in its entirety:

> Plaintiff Did Not Receive Mailing since February 28, 2013
>
> The Plaintiff requested that a duplicate copy of mailing be sent to 100 hospital drive while he was locked up at the Appalachian Behavioral Healthcare De. 17, 2102 through Feb. 26, 2013. Mailings were not sent to the Plaintiff's home address, and he was unable to respond to motions for summary judgment. Please reconsider this case and allow the Plaintiff to respond to motions.

1

> Mailings for the Plaintiff's other lawsuit, 2012-cv-572 were sent to the proper place. This is such a blatant injustice, please do not allow this to continue, and allow the plaintiff to respond to motions, and reconsider the case.
>
> ABH never notified the Plaintiff that mailings were sent there, and they were never forwarded, even though the Plaintiff did put in a forwarding request. Please mail all motions to Chad Kister [at his home address].
>
> For everything this country stands for, and the fact that the Plaintiff deserves all due leniency from the court because he is not an attorney, please reconsider this case.

Doc. 18 at 1–2.

## II.

The Court reads Mr. Kister's motion as one under Federal Rule of Civil Procedure 59(e). *See CGH Transport, Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 823 n.10 (6th Cir. 2008) ("Rule 59(e) . . . applies to judgments and final orders . . . ."). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). As his letter indicates, Mr. Kister argues for reconsideration based on the Court's alleged failure to send relevant Court documents to the proper address. This argument does not implicate an error of law, new evidence, or an intervening change in controlling law. Mr. Kister thus bases his motion on the fourth avenue for reconsideration—the need to prevent manifest injustice.

None of Mr. Kister's arguments qualifies under this fourth avenue as a valid reason to reconsider the motion-to-dismiss Order. Mr. Kister first argues that relevant Court documents were not sent to his home address. He next argues that the ABHC never notified him that he received mailings, that documents sent to the ABHC were never forwarded to his home address, and that he was thus unable to respond to "motions for summary judgment." Doc. 18 at 1. The docket contradicts his arguments. It indicates that the Court sent documents to both his home

2

address and his address at the ABHC; that Defendants also sent their filings to his home address, *see, e.g.*, doc. 8 at 12; and, contrary to his assertion, that Mr. Kister did respond to Defendants' dispositive motion, *see* doc. 10. Because Mr. Kister received all relevant Court documents and Defendant filings, and because he responded to the dispositive motion, he fails to demonstrate a manifest injustice. *See Tenn. Protection & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004) (defining manifest injustice as "[a]n error in the trial court that is direct, obvious, and observable"). Mr. Kister's motion is thus denied.

### III.

For the reasons stated, Mr. Kister's motion for reconsideration, doc. 18, is **DENIED**.

**IT IS SO ORDERED.**

4-16-2014

**DATED**  **EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

3